UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**DARRIN VANPELT,**

    Plaintiff,

-vs-                                                                   CASE NO.
                                                                             HON.

**AARON LAYNE, and**
**CITY OF DETROIT**

    Defendants.

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **DARRIN VANPELT**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants, states as follows:

1. Plaintiff Darrin Vanpelt is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant City of Detroit is a municipal corporation and governmental subdivision that is organized and existing under the laws of the State of Michigan.

3. Defendant Aaron Layne is and/or was a police officer working and/or assigned to the City of Detroit Police Department and was acting under color of law, in his individual and official capacities, and in the course and scope of his employment at all times mentioned herein.

4. All events giving rise to this lawsuit occurred in the County of Wayne, State of Michigan.

5. This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and consequently, and Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. That on or about March 23, 2019, Plaintiff was driving on Westwood Street near Van Buren Road in Detroit.

10. That Defendant Layne initiated a traffic stop of Plaintiff.

11. That Plaintiff was handcuffed behind his back and placed under arrest.

12. That Defendant Layne threatened that he would let a police canine bite Plaintiff.

13. That Plaintiff attempted to escape but only made it a short distance before Defendant Layne caught up to him.

14. That Defendant Layne then grabbed Plaintiff and slammed him to the ground.

15. As a result of Defendant Layne's unlawful and excessive use of force, Plaintiff suffered significant injuries and damages.

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 EXCESSIVE FORCE

16. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

17. At all relevant times herein, Defendant Layne acted under color of law, within the scope and course of his employment, and in his official and individual capacities.

18. Defendant Layne violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the

Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when he employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

19. The actions of Defendant Layne were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

20. Defendant Layne is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

21. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of

Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## CITY OF WALKER CONSTITUTIONAL VIOLATIONS

22. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23. Defendant City of Detroit acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

24. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

    c. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    d. Failing to supervise, review, and/or discipline police officers whom Defendant City of Detroit knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby

       permitting and/or encouraging its police officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

25. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

26. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

27. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **s/ Christopher J. Trainor**
        CHRISTOPHER J. TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        amy.derouin@cjtrainor.com

Dated:  February 17, 2021
CJT/map

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**DARRIN VANPELT,**

    Plaintiff,

-vs-　　　　　　　　　　　　　　　　　　CASE NO.
　　　　　　　　　　　　　　　　　　　　HON.

**AARON LAYNE, and**
**CITY OF DETROIT**

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **DARRIN VANPELT**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

                                          Respectfully Submitted,
                                          CHRISTOPHER TRAINOR & ASSOCIATES

                                          **s/ Christopher J. Trainor**
                                          CHRISTOPHER J. TRAINOR (P42449)
                                          AMY J. DEROUIN (P70514)
                                          Attorneys for Plaintiff
                                          9750 Highland Road
                                          White Lake, MI  48386
                                          (248) 886-8650
                                          amy.derouin@cjtrainor.com

Dated:  February 17, 2021
CJT/lvp