UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARRIN VANPELT,

            Plaintiff,

v.                                               Case No. 21-10352

CITY OF DETROIT and
AARON LAYNE,

            Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO ADJOURN DISPOSITIVE MOTION DEADLINE AND TO DETERMINE A REASONABLE EXPERT FEE**

     Before the court is a motion, filed jointly by Defendants City of Detroit and Aaron Layne, to both adjourn the dispositive motion deadline and to determine reasonable expert fees. (ECF No. 34.) The motion has been briefed, and the court concludes a hearing is unnecessary. *See* E.D. Mich. R. 7.1(f)(2). Given the court's subsequent extension of scheduling deadlines in the present matter, the court finds that Defendants' request to extend the dispositive deadline is moot. And for the reasons explained below, the court determines pursuant to Federal Rule of Civil Procedure 26(b)(4), that the fees requested by Plaintiff's expert witness W. Ken Katsaris for an upcoming deposition are inappropriate.

**I. BACKGROUND**

     Plaintiff alleges he sustained serious injuries during a March 2019 traffic stop and arrest in Detroit, Michigan. (ECF No. 1, PageID.3.) He brings the present action alleging a 42 U.S.C. § 1983 Fourth Amendment excessive force claim against Defendant Layne,

the arresting Detroit Police officer. (*Id.,* PageID.3-4.) Plaintiff also asserts a *Monell* claim against Defendant City of Detroit alleging that it failed to properly supervise or train Defendant Layne. (*Id.*, PageID.5-6.)

Plaintiff has retained W. Ken Katsaris to provide expert testimony on the reasonableness of police procedures and Defendants seek to depose him on April 20, 2022. Defendants indicate that they have been advised that Mr. Katsaris would not make himself available for a deposition (via zoom) unless Defendants agree to pay Mr. Katsaris a flat fee for the deposition, compensating him for five hours of his time. (ECF No. 34-6, PageID.627 ("Standard non-recorded Zoom deposition: $2,500 plus $500 per hour over five hours, maximum of seven hours per day.").) Defendants filed the present motion objecting to being charged such a flat fee as unreasonable; the brief includes a counterproposal providing "a 'minimum' fee of $1,500.00 with an additional $500.00 per hour in the unlikely event Mr. Katsaris' deposition exceeds two hours." (ECF No. 34-1, PageID.591.)

Also relevant to the present motion is a brief procedural history of the dispositive motion deadline. When this motion was filed, the dispositive motion deadline was set for February 21, 2022. (*See* ECF No. 26.) The motion requested that the deadline be extended until May 20, 2022. (*See* ECF No. 34.) Before the motion was fully briefed, however, the court entered an opinion on February 8, 2022, deciding two of Defendants' previous motions, including a request for an extension of the expert reporting deadline. (*See* ECF No. 35.) The court's opinion granted Defendants' request to extend the expert discovery deadline, and to remedy any potential prejudice to Plaintiff caused by the

2

extension, the court unilaterally modified other deadlines in the scheduling order resetting the dispositive motion deadline to April 29, 2022.

## II. DISCUSSION

### A. Reasonable Expert Fees

The court first finds that the large flat fee requested by Mr. Katsaris to compensate him for an upcoming deposition is unreasonable. Federal Rule of Civil Procedure 26 Rule 26(b)(4)(E) requires that a party seeking discovery must "pay the expert a reasonable fee for time spent in responding to discovery." Defendants do not dispute that they are responsible for compensating the expert for participating in the upcoming deposition; they merely argue that the $2,500 (for Zoom) to $3,500 (for a videotaped deposition) are unreasonable because the flat fee is likely to result in compensation that greatly exceeds the hourly rate usually charged by Mr. Katsaris for his professional services. (*See* ECF No. 34-1, PageID.592 (indicating that they "anticipate" the "deposition of Mr. Katsaris will take between 45 and 90 minutes").)

The court agrees that "[a]n expert's regular hourly rate for professional services is presumptively a reasonable hourly rate for [a] deposition" and that the fee arrangement requested by Mr. Katsaris has the potential to result in compensation that well exceeds his stated $500 hourly rate. *Barrett v. Nextel Commc'ns, Inc.*, No. CIV.A. 4CV74556DT, 2006 WL 374757, at *2 (E.D. Mich. Feb. 16, 2006) (Majzoub, M.J.). Plaintiff has cited no authority finding such a "flat fee" arrangement to be reasonable for an expert deposition. And numerous courts have rejected such flat fee requests for expert depositions. *See, e.g.*, *El Camino Res., Ltd. v. Huntington Nat. Bank*, No. 1:07-CV-598, 2012 WL 4794589, at *3 (W.D. Mich. Sept. 18, 2012) (citing *Mannarino v. United States*, 218

3

F.R.D. 372, 375 (E.D.N.Y. 2003)), *report and recommendation adopted,* ("[T]he federal courts reject a 'flat fee' approach to awarding expert fees for depositions, . . . the award must be based on the time actually expended in responding to discovery."); *Nyerges v. Hillstone Rest. Grp. Inc.*, No. CV-19-02376-PHX-DWL, 2020 WL 4049826, at *2 (D. Ariz. July 20, 2020) (finding that expert "could presumably start working on other matters (such as reviewing records in other cases in which he is serving as an expert) as soon as his deposition in this case concludes" so "a minimum charge would be unreasonable here"); *Wagner v. Shasta Cty.*, No. 2:20-CV-0403-JAM-DMC, 2022 WL 1082451, at *1 (E.D. Cal. Apr. 11, 2022) ("Because the rule requires a reasonable fee for time spent, experts are entitled to a reasonable hourly rate for the actual time spent in a deposition, not a flat fee regardless of the time spent.").

Perhaps hoping to amicably resolve the matter, Defendants' brief indicates that they do not "oppose Mr. Katsaris' $500 per hour rate," and that they are willing to guarantee him at least $1,500 in compensation. (*See Id.*, PageID.592 ("Defendants do not oppose Mr. Katsaris' charging of a reasonable appearance fee (i.e., $500.00), nor requiring a minimum, non-refundable fee of $1,000.00, representing two hours of testimony.").) The court finds that such an offer is more than sufficient compensation for Mr. Katsaris' expert deposition.

It is unclear from the briefing if Defendants also desire that the deposition be professionally videotaped. If Defendants are requesting such filming, they would additionally be responsible for any, reasonable costs incurred by Mr. Katsaris. *See, e.g.*, *Thalji v. Teco Barge Line*, No. CIV.A. 5:05CV-226-R, 2007 WL 2827527, at *2 (W.D. Ky.

Sept. 28, 2007) (determining the reasonableness of various costs incurred while videotaping an expert deposition).

## B. Dispositive Motion Deadline

As noted above, the court has already unilaterally extended the dispositive deadline, by more than two months, to April 29, 2022. (ECF 35.) The court finds that such an extension already addresses the concerns raised by Defendants' motion. Regardless, it appears that Defendants recently filed their motion for summary, so this issue is now moot. (*See* ECF No. 38.)

## III. CONCLUSION

For the reasons discussed above,

IT IS ORDERED that Defendants' "Motion to Adjourn Dispositive Motion Deadline and to Determine a Reasonable Expert Fee" (ECF No. 34) is GRANTED IN PART.

IT IS FURTHER ORDERED that:

1. Defendants shall pay Mr. Katsaris a reasonable rate for his deposition testimony of $500.00 per hour.

2. Per Defendants' proposal, Defendant's counsel shall present Mr. Katsaris with a check for $1,500.00 before the commencement of the deposition and shall pay Mr. Katsaris at the conclusion of the

5

3. deposition an amount consistent with an hourly rate of $500.00 per hour for any time Mr. Katsaris is deposed in excess of two hours.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: April 19, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 19, 2022, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\21-10352.VANPELT.ExpertFees.AAB.docx