UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARRIN VANPELT,

        Plaintiff,

v.                                          Case No. 21-10352

CITY OF DETROIT and
AARON LAYNE,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TERMINATING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' WITNESS LIST AS MOOT

        Plaintiff Darrin VanPelt filed a complaint against Defendants City of Detroit and Detroit Police Officer Aaron Layne. Plaintiff asserts a 42 U.S.C. § 1983 claim (Count I) against Defendant Layne for violating his Fourth Amendment rights by allegedly using excessive force—during a March 2019 traffic stop and arrest—that caused injuries to Plaintiff's left leg. (ECF No. 1.) Plaintiff brings a related *Monell* claim (Count II) against Defendant City of Detroit, asserting that the City had adopted practices and customs that resulted in Defendant Layne's alleged violations of Plaintiff's constitutional rights.

        Before the court is Defendants' joint motion for summary judgment on all counts. (ECF No. 38.) The motion has been fully briefed, and on July 20, 2022, the court held a hearing on the motion. During the hearing, and after reviewing substantial video footage of the incident at issue, the court found that no genuine factual dispute remained as to the objective reasonableness of Defendant Layne's actions when he tackled Plaintiff—who was attempting to flee from custody while handcuffed. Specifically, after examining

a number of applicable precedents, the court found that all three factors enumerated in *Graham v. Connor*, 490 U.S. 386 (1989), pointed toward the objective reasonableness of Defendant Layne's use of force. Second, the court determined that Defendant Layne was also entitled to qualified immunity because there is no clearly established precedent putting him on notice that his conduct was unlawful. *See Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 2005). And, because the court found no underlying constitutional violation by Defendant Layne, the court also concluded that summary judgment should be granted to Defendant City of Detroit on the related *Monell* claim. *See Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under *Monell* without an underlying constitutional violation.").

Given the court's July 20, 2022 ruling, the court now also finds that Plaintiff's outstanding motion to strike Defendants' witness and preclude his trial testimony should also be terminated as moot. Accordingly,

IT IS ORDERED that, for the reasons stated here in and on the record during the July 20, 2022 hearing, Defendants' Motion for Summary Judgment (ECF No. 38) is GRANTED.

IT IS FURTHER ORDERED that "Plaintiff's Motion to Strike Defendants' Witness, Harold Ashford, from Defendants' Final Witness List and Preclude his Testimony from trail" (ECF No. 41) is TERMINATED AS MOOT.

s/Robert H. Cleland        /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2022

2

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 28, 2022, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                                    /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\21-10352.VANPELT.OrderGrantingMSJ.AAB.docx